THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DAVID F. PIETRYKA, HELEN : 
PIETRYKA, and DAVID P. PIETRYKA :
:
:
:
Plaintiffs, : 3:24-CV-00915
: (JUDGE MARIANI)
v. :
:
UNITED STATES OF AMERICA, :
:
Defendant. :

## MEMORANDUM OPINION

Presently before the Court is Plaintiffs' motion to strike Defendant's affirmative defenses. (Doc. 12). For the reasons that follow, Plaintiffs' motion will be granted in part and denied in part.

### I. INTRODUCTION & PROCEDURAL HISTORY

Plaintiffs David F. Pietryka, Helen Pietryka, and David P. Pietryka initiated this action against the Defendant United States of America by filing a complaint (the "Complaint") on June 4, 2024. (Doc. 1). Plaintiffs bring claims under the Federal Tort Claims Act. On August 12, 2024, Defendant filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction. (Doc. 5). The Court granted in part and denied in part Defendant's motion to dismiss. (Doc. 8). Defendant subsequently

filed an Answer, (Doc. 10), and on March 13, 2025, Plaintiffs filed the instant motion to strike each of Defendant's nine affirmative defenses. (Doc. 12).

## II. FACTUAL BACKGROUND

Plaintiffs seek to strike all of Defendant's affirmative defenses. More specifically, Plaintiffs move to strike the following affirmative defenses set forth in Defendant's Answer:

- First Affirmative Defense: The Civil Service Reform Act ("CSRA"), 5 U.S.C. § 1214, 2302, provides the exclusive remedy for Plaintiffs and preempts this Complaint.

- Second Affirmative Defense: In the event that the United States is found to have been negligent, which negligence is denied, the negligence of Plaintiff was the proximate cause of and contributed to any alleged injuries or damages sustained, thereby barring recovery, or alternatively, mandating that any recovery be proportionately reduced.

- Third Affirmative Defense: No one employed by the United States breached a duty to Plaintiffs; any injury or damage sustained by Plaintiffs were not caused by the negligence or wrongful act or omission of an employee of the United States; and Plaintiffs' alleged injuries and damages are not the direct and proximate result of any negligence by or attributable to the United States.

- Fourth Affirmative Defense: Plaintiffs' injuries, damages, and losses alleged in the Complaint were solely and proximately caused by the negligence of third parties,

known or unknown, over whom the United States exercised no supervision or control.

- <u>Fifth Affirmative Defense</u>: Plaintiffs' right of recovery is barred or limited based on Pennsylvania's comparative negligence statute.

- <u>Sixth Affirmative Defense</u>: Plaintiff has failed to mitigate, obviate, diminish, or otherwise act to avoid, lessen, or reduce the injuries, damages, and disabilities alleged, and any damages must be limited accordingly.

- <u>Seventh Affirmative Defense</u>**:** Pursuant to 28 U.S.C. § 2674, pre-judgment interest and punitive damages are not permissible against the United States.

- <u>Eighth Affirmative Defense</u>: The FTCA limits Plaintiffs ability to received [sic] judgment only up to the amount listed in their administrative complaint and prevents recovery of attorneys' fees from the United States.

- <u>Ninth Affirmative Defense</u>: The Affirmative Defenses that have been asserted heretofore in this Answer are not exhaustive, and Defendant hereby expressly reserves the right to amend this Answer to bring additional Affirmative Defenses over the course of this action, as the facts and evidence may warrant.

(Doc. 10 at 1-3). Defendant opposes Plaintiffs' motion. (Doc. 16).

### III.    **STANDARD OF REVIEW**

Rule 12(f) of the Federal Rules of Civil Procedure governs motions to strike pleadings. It provides, in relevant part, "[t]he court may strike from a pleading an insufficient

defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). It is well-settled that striking a pleading is a "drastic remedy" which courts generally disfavor. *Homesite Ins. Co. of Midwest v. Geaith*, Civil No. 1:22-CV-1664, 2023 WL 362387, at *1 (M.D. Pa. Jan. 30, 2023); *see also Balon v. Enhanced Recovery Co., Inc.*, 316 F.R.D. 96, 98 (M.D. Pa. 2016) (motions to strike "should be denied unless the allegations have no possible relation to the controversy, may cause prejudice to one of the parties, or confuses the issues."); *Fiorentino v. Cabot Oil & Gas Corp.*, 750 F. Supp. 2d 506, 509 (M.D. Pa. 2010) ("Relief under Federal Rule of Civil Procedure 12(f) is generally disfavored, and will be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues in the case.").

"The burden rests with the moving party to show that the challenged matter should be stricken." *Roamingwood Sewer & Water Ass'n v. Nat'l Diversified Sales, Inc.*, 509 F. Supp. 3d 198, 204 (M.D. Pa. 2020). Accordingly, Plaintiffs "must demonstrate that the matter falls within the categories listed in Rule 12(f)." *Id.* "Immaterial matter is that which has no essential or important relationship to any claims for relief." *Id.* "Impertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question." *Id.* "And scandalous matter is that which casts a derogatory light on someone, uses repulsive language, or detracts from the dignity of the court." *Id.*

4

## IV. ANALYSIS

Plaintiffs move to strike each and all of Defendant's nine affirmative defenses. (Doc. 10). Plaintiffs claim that each of Defendant's affirmative defenses are either: (1) legal insufficient; (2) conclusory; or (3) impertinent. (Doc. 12). "An affirmative defense pled in general terms will not be deemed insufficient as long as it gives plaintiffs fair notice of the nature of the defense." *BJ Energy, LLC v. PJM Interconnection, LLC*, 2010 WL 1491900, at *5 (E.D. Pa. Apr. 13, 2010). Moreover, "[i]n reviewing the challenged affirmative defenses, we do not apply the *Twombly/Iqbal* plausibility standard." *Savage v. Temple Uni.*, 2020 WL 5602651, at *4 (E.D. Pa. Sept. 18, 2020) (collecting cases).

As an initial matter, the Court will not strike Defendant's First Affirmative Defense concerning the Civil Service Reform Act. As Defendant correctly points out, this Court found that on the face of Plaintiffs' Complaint, the CSRA did not deprive the Court of subject-matter jurisdiction. (Doc. 17 at 5-6). Indeed, as the Court clearly stated in its memorandum opinion granting in part and denying in part Defendant's motion to dismiss, "[b]ecause the Court cannot grant Defendant's the relief it seeks on the face of Plaintiffs' Complaint, it must deny Defendant's motion. However, should new factual material become available to demonstrate that this Court lacks subject-matter jurisdiction, the Court may grant the requested relief at a later stage of the proceedings." (Doc. 8 at 14-15). Plaintiffs' motion to strike the First Affirmative Defense is specious and wholly without merit. This defense is properly plead, not legally insufficient, and puts Plaintiffs on fair notice. As the

Court has made clear, further factual development of the record is necessary in order to determine whether the CSRA does or does not apply in this matter. The Court will not strike Defendant's First Affirmative Defense.

The Court will deny Plaintiffs' motion to strike with respect to Defendant's Second, Third, Fourth, Fifth, and Sixth Affirmative Defenses. Plaintiffs are plainly on notice of these defenses and there will be no prejudice to Plaintiffs by denying their motion to strike. Moreover, the sufficiency of these defenses depends on disputed facts and law, and it would be inappropriate to strike these defenses at this early stage of the litigation. *See, e.g.*, *White v. PNC Fin. Servs. Grp., Inc.*, 2017 WL 3675311, at *2 (E.D. Pa. Aug. 24, 2017) ("The sufficiency of these defenses depends upon disputed issues of fact that remain unclear because discovery has not concluded."); *Klaus v. Jonestown Bank & Tr. Co.*, 2014 WL 1024591, at *2 (M.D. Pa. Mar. 14, 2014) ("Motions to strike should not be granted when the sufficiency of the defense depends upon disputed or undeveloped issues of fact."); *Venable v. Macy's*, 1992 WL 245843, at *1 (E.D. Pa. Sept. 21, 1992) ("Equifax's third, fifth, seventh, eighth, and ninth defenses involve disputed issues of fact and law which properly should be resolved only after fuller development of this case through discovery and a trial on the merits.").

As to the Seventh and Eighth Affirmative Defenses, the Court will deny Plaintiffs' motion to strike. Plaintiff claims these two defenses are "impertinent." (Doc. 16 at 10). Plaintiffs represent that they "do not seek pre-judgment interest or punitive damages in the

Complaint," and that they "do not seek attorney's fees in the remaining Count of Complaint (Count I)." (Doc. 12 at ¶¶ 25, 28). However, the Complaint does in fact seek "reasonable costs and attorney's fees" and further seek "other relief" as to Count II, (Doc. 1 at 14). Although Count II has been dismissed, Plaintiffs also request "other relief" in Count I. (*Id.* at 12). The Court seriously doubts that Plaintiffs will suffer any prejudice as to these affirmative defenses and further finds that Defendant's Seventh and Eighth Affirmative Defenses are properly pled, put Plaintiffs on fair notice, and are not impertinent. Accordingly, the Court will not strike Defendant's Seventh and Eighth Affirmative Defenses.

Finally, the Court will grant Plaintiffs' motion to strike Defendant's Ninth Affirmative Defense. "Given that a general reservation to assert additional defenses in the future is not an affirmative defense and contravenes the Federal Rules of Civil Procedure, the Court will strike Defendants' second affirmative defense from their answer." *Rivas v. CBK Lodge Gen. Partner, LLC*, 2020 WL 2615724, at *2 (M.D. Pa. May 22, 2020) (internal citation and quotation marks omitted); *see also U.S. Bank Nat'l Ass'n v. Gerber*, 380 F. Supp. 3d 429, 440 (M.D. Pa. 2018) ("This general reservation to assert additional defenses in the future is not an affirmative defense and contravenes the Federal Rules of Civil Procedure."). Accordingly, the Court will grant Plaintiffs' motion to strike Defendant's Ninth Affirmative Defense.[1]

---

[1] Should discovery reveal to Defendant any new affirmative defenses, Defendant's may move this Court to amend their Answer. Fed. R. Civ. P. 15(a)(2). Moreover, upon completion of discovery, Plaintiffs may seek summary judgment as to the affirmative defenses they claim are legally or factually insufficient. *See BJ Energy*, 2010 WL 1491900, at *4 (motion to strike affirmative defense "will be denied without

## V. CONCLUSION

For the foregoing reasons, Plaintiffs' motion to strike will be denied as to the First through Eighth Affirmative Defenses. The motion will be granted as to Defendant's Ninth Affirmative Defense. A separate Order follows.

Robert D. Mariani
United States District Judge

---

prejudice to a motion for summary judgment at the end of discovery"); *see also Baptiste v. Morris*, 2021 WL 1721443, at *2 (M.D. Pa. Apr. 30, 2021) ("The court would be required to make factual and legal determinations based on snippets of the facts in this case as presented by Plaintiffs. The court declines to undertake that analysis at this procedural posture. [Plaintiff] will have the opportunity at summary judgment, or at trial, to present such arguments.").